**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF                                          101 WEST LOMBARD STREET
TIMOTHY J. SULLIVAN                                  BALTIMORE, MARYLAND 21201
UNITED STATES MAGISTRATE JUDGE                       (410) 962-4560
                                                     Fax (410) 962-3630

January 31, 2013

LETTER TO COUNSEL:

RE:     *Donald C. Rudasill v. Michael Astrue, Commissioner, Social Security Administration*;
        Civil No. TJS-12-0026

Dear Counsel:

        This matter is before me by the parties' consent. (ECF Nos. 8, 12). On January 3, 2012,
Plaintiff Donald C. Rudasill petitioned this Court to review the Social Security Administration's
final decision to deny his claim for benefits. (ECF No. 3). I have considered the parties' cross-
motions for summary judgment. (ECF Nos. 14, 21). I find that no hearing is necessary. *See*
Local Rule 105.6. This Court must uphold the decision of the agency if it is supported by
substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§
405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will
grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

        Mr. Rudasill filed his claim for disability insurance benefits on June 18, 2009 and his
claim for Supplemental Security Income benefits on June 30, 2009, each alleging disability
beginning on June 21, 2009. (Tr. 15). His claim was initially denied on January 6, 2010 (Tr. 64-
68) and upon reconsideration on July 28, 2010 (Tr. 71-74). A hearing was held on May 4, 2011
before an Administrative Law Judge ("ALJ"). (Tr. 24-59). Following the hearing, the ALJ
issued a written decision, on May 17, 2011, finding that Mr. Rudasill was not disabled during the
relevant time frame. (Tr. 12-23). The Appeals Council denied Mr. Rudasill's request for review
(Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

        The ALJ found that Mr. Rudasill suffered from the severe impairments of coronary artery
disease and depression. (Tr. 17). That finding is not in dispute. (ECF No. 14 at 4). Despite
these impairments, the ALJ determined that Mr. Rudasill retained the residual functional
capacity ("RFC") to:

        Perform light work as defined in 20 CFR 404.1567(b) and 20 CFR 416.967(b),
        with the additional limitation that he can do work that occasionally requires
        climbing and balancing, and frequently requires stooping, kneeling, crouching,
        and crawling. Because of his mental impairments, he can perform jobs consisting
        of unskilled, routine, and repetitive tasks, with only occasional interaction with
        the public and coworkers.

(Tr. 19). After considering the testimony of a vocational expert ("VE"), the ALJ determined that

Mr. Rudasill could perform jobs that exist in significant numbers in the national economy and that he was not disabled during the relevant time frame.  (Tr. 22-23).

Mr. Rudasill presents two arguments on appeal: (1) that the ALJ's decision that Mr. Rudasill is capable of work at the light exertional level is not supported by substantial evidence and (2) that the ALJ's decision that Mr. Rudasill could perform jobs that exist in significant numbers in the national economy is at odds with the VE's testimony.  Each argument lacks merit.

First, Mr. Rudasill argues that the ALJ should have found that he was unable to perform work at the light exertional level.  Mr. Rudasill contends that in making this finding, the ALJ "completely ignored the testimony" of the VE, and that the VE's testimony supports a finding that his RFC allows him to perform only less than light work.  (ECF No. 14 at 5).  RFC is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."  SSR 96-8p, 1996 WL 374184 at *2 (July 2, 1996).  RFC represents the most a claimant can still do in a work setting, despite their physical and mental limitations.  *See* 20 C.F.R. § 404.1545.  The ALJ must assess a claimant's RFC based on all of the relevant evidence in the case record.  *See* 20 C.F.R. §§ 404.945, 416.945.

The ALJ determined that Mr. Rudasill retains the RFC to perform light work with some additional limitations to account for his physical and mental impairments.  The ALJ's finding is supported by substantial evidence, and is based on a full evaluation of all of Mr. Rudasill's impairments.  The ALJ based his decision on a thorough review of the medical evidence of the record (Tr. 20), the opinion evidence of physicians who examined Mr. Rudasill as to his heart condition and mental impairment (Tr. 20-21), the opinion evidence of two medical experts who reviewed the entire record and provided an opinion as to Mr. Rudasill's RFC at the light exertional level (Tr. 21), the opinion evidence of a medical expert who reviewed the entire record and concluded that Mr. Rudasill has the RFC to engage in substantial gainful activity for a normal workday and workweek (Tr. 21), and the testimony of Mr. Rudasill himself concerning his daily activities (Tr. 19-20).

Mr. Rudasill contends that the VE's testimony that he would be unable to return to his past relevant work precludes a finding by the ALJ that he would be able to work in the future. The VE testified that Mr. Rudasill's past work was primarily as an asphalt paver machine operator and as a truck driver. (Tr. 56).  In these jobs, Mr. Rudasill performed work at the medium exertional level.  (Tr. 56).  The VE testified that Mr. Rudasill would be unable to perform his past work, assuming the ALJ determined his RFC was restricted to the light exertional level.  (Tr. 57).  Mr. Rudasill appears to argue that the VE's testimony that he would be unable to perform his past work is based on his "health issues that would cause him to miss 1-2 or more days a month from his employment."  (ECF No. 14 at 6-7).  This argument mischaracterizes the VE's testimony.  The VE's testimony and the ALJ's decision regarding past work were based on Mr. Rudasill's RFC as determined by the ALJ.  (Tr. 22, 56-57).  In short, the ALJ determined that Mr. Rudasill was unable to perform his past work (at the medium exertional level, or higher) because of his RFC to perform work not exceeding the light exertional level.  In

addition, Mr. Rudasill's argument that the VE's opinion "purposely ignored the mental impairments" is without merit, as in the ALJ's hypothetical question to the VE, the work was limited to "occasional interaction with the public" and coworkers. (Tr. 57). The ALJ's decision properly takes into account the findings of Dr. Hurwitz and Dr. Spurgeon with regard to Mr. Rudasill's mental impairments, which suggested that Mr. Rudasill "may function best in an environment which does not require frequent interaction with the general public or constant interaction with coworkers," and that he nonetheless "retains the ability to sustain gainful activity for a normal workday and workweek." (Tr. 21-22). *See Myers v. Astrue*, Slip Copy, No. BPG-09-1647, 2010 WL 2998666, at *5 (D. Md. July 23, 2010). The ALJ's finding is supported by substantial evidence.

Second, Mr. Rudasill argues that the ALJ should have relied on the VE's testimony that, assuming a person could perform only eighty-percent of the time at a job, and be off task the remaining twenty-percent of the time, there would be no jobs in the national or regional economy the person could do. Mr. Rudasill presumes that the ALJ found Mr. Rudasill's testimony concerning his limitations to be credible. This argument lacks merit because, as the ALJ set forth in his opinion, Mr. Rudasill's testimony concerning his limitations was not found to be credible. (Tr. 19-20). The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints concerning their work performance limitations. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996). First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id*. After the claimant meets this threshold obligation, the ALJ must evaluate the "intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id*. at 595.

In this case, Mr. Rudasill claims that he cannot work due to his impairments. (Tr. 19). Mr. Rudasill testified that his impairments cause him to "lay[] around all day" and occasionally go to the emergency room for panic attacks. He also testified that he has trouble sitting upright or standing for more than 30 minutes, and has trouble concentrating. (Tr. 19). The ALJ found that while Mr. Rudasill's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Mr. Rudasill's statements "concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent" with the RFC assessment. (Tr. 20). In making this adverse credibility determination, the ALJ relied on evidence of Mr. Rudasill's daily activities (such as walking half a mile several times each week without using a cane, being able to carry two gallons of milk at a time, and taking care of himself and his dog). (Tr. 20). The ALJ also relied on evidence that Mr. Rudasill went straight home after his bypass surgery, and did not seek aftercare treatment. (Tr. 20). As to Mr. Rudasill's mental impairments, the ALJ determined that there is no medical evidence to suggest that his symptoms are disabling, or that Mr. Rudasill requires ongoing treatment. (Tr. 18, 20). The ALJ also considered that Mr. Rudasill's mental impairments are mitigated by his use of prescribed medication. (Tr. 20). The ALJ's credibility determination as to Mr. Rudasill is supported by substantial evidence and properly applies the law.[1]

---

[1] The ALJ's considerations are in accordance with Social Security Ruling 96-7p. This ruling provides that in evaluating an individual's credibility, an ALJ must consider the following, in addition to the objective medical evidence:

Because the ALJ determined that Mr. Rudasill's testimony was not credible concerning the extent to which his symptoms affect his ability to work, the VE's testimony that no jobs exist in the national or regional economy for a person with the symptoms described by Mr. Rudasill is not dispositive of any issue.  The ALJ properly chose not to rely on the VE's testimony concerning the hypothetical limitations that the ALJ did not find credible in the first place.  *See Mickles v. Shalala*, 29 F.3d 918, 929 (4th Cir. 1994) ("Subject only to the substantial evidence requirement, it is the province of the Secretary, and not the courts, to make credibility determinations and to resolve ambiguities in the evidence."); *France v. Apfel*, 87 F. Supp. 2d 484, 490 (D. Md. 2000).

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 14) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 21) will be GRANTED.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

Sincerely yours,


_____/s/_____
Timothy J. Sullivan
United States Magistrate Judge

---

1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  *Id.*